FILED
CLERK, U.S. DISTRICT COURT

DEC 13 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> DAVID E. PASS, ET AL., <br><br> Defendant. | CASE NO. CV 12-10226 UA (DUTYx) <br><br> ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court remands this unlawful detainer action to state court summarily because defendant Valda Pass ("Defendant") removed it improperly.

On November 30, 2012, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in the first place, and Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. Therefore, removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.

Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000. Nor does Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b).

Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court will address by way of punitive remedial measures, which may include having Defendant designated as a vexatious litigant and barred from commencing any further removal actions with respect to the underlying state unlawful detainer action.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, One Regent Street, Inglewood, California 90301, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the clerk send a certified copy of this Order to the state court; and (3) that the clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 12/5/12

GEORGE KING
CHIEF JUDGE